**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                No. 99-4056

ALFRED LEE DAY,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                No. 99-4057

ALFRED LEE DAY,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-91-132-R, CR-98-15-R)

Argued: May 2, 2000

Decided: August 31, 2000

Before MICHAEL, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Rickey G. Young, LAW OFFICE OF RICKEY G.
YOUNG, Martinsville, Virginia, for Appellant. Thomas Jack Bondu-

rant, Jr., Assistant United States Attorney, Roanoke, Virginia, for Appellee. **ON BRIEF:** Robert P. Crouch, Jr., United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alfred Lee Day was convicted by a jury in the Western District of Virginia of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Pursuant thereto, the district court sentenced Day to 262 months' imprisonment and revoked his previously imposed term of supervised release. Day appeals his conviction and sentence. We find no reversible error and affirm.

I.

During the evening of December 16, 1997, Roanoke, Virginia, police officers assigned to a drug task force followed a lead relating to drug activity on Staunton Avenue in Roanoke. As Detectives Danny C. Brabham and R.E. Chandler entered onto the residential property at 1924 Staunton Avenue, N.W., they observed a male indi- vidual, later identified as defendant Day, leave the front porch of the residence and approach them. After the officers identified themselves, Day abruptly turned around and walked back toward the porch. At this point, Detective Brabham -- fifteen to twenty feet from Day and shining a flashlight on him -- observed a "brown paper bag or a small object fall from between [Day's] legs." J.A. 121. Detective Chandler, who was standing ten to fifteen feet away from Day, also observed an object fall near Day's feet. Neither officer could see Day's hands, but Detective Chandler maintained that, as Day turned his back, he saw "movement on [Day's] left-hand side. . . . The shoulder and his elbow moved." J.A. 306.

2

As Detective Brabham moved closer, he located and opened the bag, and found that it contained "five small baggie corners of white powder substance" that "appeared to be powder cocaine." J.A. 121. Subsequent lab tests confirmed that the baggies contained 2.39 grams of cocaine. Upon taking Day into custody, the officers also seized $842 in cash from Day's person.

Day was indicted by the grand jury in the Western District of Virginia on March 26, 1998. His trial was conducted in Roanoke on September 3 and 4, 1998, and the jury found him guilty. On January 12, 1999, Day was sentenced to 262 months' imprisonment. In light of the conviction, the district court also revoked a previously imposed term of supervised release and ordered Day to serve an additional twenty-four months' imprisonment.

During trial, the Government introduced -- over objection -- the testimony of two witnesses, Ricardo Orlando Ubiera and Stephen Lamont Poindexter, regarding Day's drug transactions in the eight month period preceding his arrest. Specifically, Ubiera testified that: in April 1997, he personally witnessed Day purchase four and one-half ounces of crack cocaine; in July 1997, he observed Day sell one-half ounce of cocaine to Ubiera's friend, Charles Finney; and in August 1997, Day informed Ubiera that he had cocaine for sale and offered Ubiera a beeper number for use if Ubiera became aware of potential buyers.

Similarly, Poindexter testified about Day's recent drug dealings. He stated that in May or June of 1997, he sold Day approximately two ounces of crack, and in a subsequent transaction, he sold Day an additional eighty-four grams of crack, which was weighed and measured on a scale brought to the transaction by Day.

Prior to the admission of Ubiera's testimony pursuant to Rule 404(b) of the Federal Rules of Evidence, the district court limited its evidentiary use to the issue of intent and instructed the jury accordingly:

> Ladies and gentlemen of the jury, in connection with this testimony, I believe I ought to tell you it's not being admitted to prove the character of Mr. Day in order to show, you

know, action in conformity with his character. But I'm admitting it for the purpose of evidence as to intent. You know, if he dropped the bag, whether or not he had it with the intent to distribute and motive. But it's not coming in to show that he was in possession of the drugs on the night in question. Do all of you understand that? Okay.

J.A. 155. The district court reiterated this cautionary instruction prior to the admission of Poindexter's testimony and gave it again before submitting the case to the jury.

On appeal, Day's principal argument is that the testimony of Ubiera and Poindexter was not properly admitted under Rule 404(b). In the alternative, Day asserts that the probative value of this evidence was substantially outweighed by its prejudicial effect, and he argues that it should have been excluded under Rule 403. **1**

II.

A.

We review for abuse of discretion a decision to admit evidence of prior similar acts pursuant to Rules 404(b) and 403. United States v. Chin, 83 F.3d 83, 87 (4th Cir. 1996). We defer to a district court's decision to admit evidence under Rule 404(b) unless that decision is "arbitrary or irrational." United States v. Haney, 914 F.2d 602, 607 (4th Cir. 1990).

_____

**1** Additionally, Day makes other assignments of error: (1) the court erred in denying his motion to suppress evidence; (2) the evidence was insufficient to support his conviction; (3) the court erred in denying his motion for a mistrial following the prosecutor's closing argument; and (4) the court erred in admitting a letter written by a witness to the United States Attorney in which the witness indicated that he possessed evidence against Day and was willing to take a polygraph examination. For the reasons set forth below, we reject these arguments. See infra Part III.

B.

Under Rule 404(b), prior acts evidence, when relevant, may be admissible unless offered to prove "the character of a person in order to show action in conformity therewith."**2** The Rule includes a non-exhaustive list of those purposes for which such evidence may be admitted: "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); see United States v. Queen, 132 F.3d 991, 994 (4th Cir. 1997) ("[W]ith only the one stated exception, [Rule 404(b)] is understood to be a rule of inclusion, authorizing evidence of prior acts for purposes other than character . . . .") (internal quotation marks and citations omitted).

Although admissible under Rule 404(b), prior acts evidence remains subject to exclusion under Rule 403 when its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Because of the "complex and difficult distinction between [inadmissible] evidence of character and evidence of, for example, intent or motive," Queen, 132 F.3d at 995, we have articulated the following four-pronged test to determine the admissibility of such evidence:

> [E]vidence of prior acts becomes admissible under Rules 404(b) and 403 if it meets the following criteria: (1) The evidence must be relevant to an issue, such as an element of

_____

**2** Rule 404(b) provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).

5

an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or element of the offense. (3) The evidence must be reliable. And (4) The evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the fact-finding process.

Id. at 997.

C.

1.

In this case, we must first ascertain whether the testimony of Ubiera and Poindexter relating to Day's prior drug transactions was relevant to the issue for which it was offered. Such evidence has relevance if it has the tendency to make the existence of any determinative fact more probable that it would be without the evidence. See Fed. R. Evid. 401. Here, the Government sought to admit evidence of Day's prior drug transactions to establish his intent to distribute cocaine.

In this regard, Day asserts that the challenged testimony was irrelevant and should not have been admitted. In support of this claim, Day relies on our decision in United States v. Sanders, 964 F.2d 295, 298-99 (4th Cir. 1992), where we held that a conviction for an earlier stabbing assault was inadmissible to prove intent as an element of a subsequent charge of assault with a shank -- despite the fact that the defendant had placed his intent at issue by pleading self-defense to the later charge. Day also points to our decision in United States v. Hernandez, 975 F.2d 1035, 1040-41 (4th Cir. 1992), where we vacated a conviction because the district court admitted evidence -- for purposes of demonstrating the defendant's intent to participate in the charged drug conspiracy -- that the defendant had previously shared a recipe for crack cocaine with a witness.

6

Day's reliance on Sanders and Hernandez is misplaced. Those decisions were both largely premised on the lack of similarity between the prior act and the charged offense. In Sanders, the dissimilarity rested not in the physical conduct involved in both the prior stabbing and the charged offense, which were admittedly the same. Rather, the prior stabbing differed from the charged offense in one critical respect: a different victim, or according to the defendant, a different aggressor. The injection of this human variable led to our conclusion that the prior stabbing should have been excluded: "The fact that Sanders had committed an assault on another prisoner . . . had nothing to do with his reason for -- his intent in -- stabbing [the victim of the charged offense]." Sanders , 964 F.2d at 298-99. Likewise, the challenged evidence in Hernandez was inadmissible because of its tenuous relationship to the charges in the indictment. The evidence -- although offered to prove the defendant's intent to participate in the charged conspiracy -- was not probative of "anything about [the defendant's] conduct or mental state during the course of the conspiracy alleged in the indictment." Id. at 1039. While we recognized that a defendant's prior involvement with crack cocaine might render the charged offense more "plausible," we held that such an assumption "is precisely the criminal propensity inference Rule 404(b) is designed to forbid." Id. at 1040.

Unlike the challenged evidence in Sanders and Hernandez, the prior acts evidence offered against Day by Ubiera and Poindexter was "sufficiently related to the charged offense." United States v. Rawle, 845 F.2d 1244, 1247 n.3 (4th Cir. 1980) (citation omitted). The prior drug transactions described by Ubiera and Poindexter were similar in kind, and all the transactions occurred within an eight-month period prior to the charged conduct. See id. at 1247-48 (evidence that defendant used to transport marijuana sufficiently similar to instant charges of conspiracy to possess marijuana with intent to deliver and possession of marijuana); United States v. Wint, 974 F.2d 961, 967 (8th Cir. 1992) ("evidence of an offense committed within the previous five years is reasonably close in time"). Because of its similarity to the charged offense, the challenged evidence tended to demonstrate that Day knew how drugs are retailed; this knowledge, in turn, suggested Day's awareness of the significance of individually packaging cocaine for retail distribution. Such awareness increases the likelihood that Day intended to distribute the individually packaged

cocaine found to have been in his possession. Thus, given the similarity between Day's prior drug transactions and the charged offense, the evidence indicating that Day had previously distributed cocaine was relevant to the Government's effort to prove that he possessed cocaine on December 16, 1997, with the intent to distribute. See United States v. Mark, 943 F.2d 444, 448 ("Where such acts are sufficiently related, the relevance of the [prior acts] evidence`derives from the defendant's having possessed the same state of mind in the commission of both the extrinsic act and the charged offense.'") (quoting United States v. Dothard, 666 F.2d 498, 502 (11th Cir. 1982)).

2.

Next, evidence is "necessary" under Queen 's second prong "where, considered in the light of other evidence available to the government, it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime." Queen, 132 F.3d at 998 (internal quotation marks and citations omitted). As the Supreme Court noted in Huddleston v. United States, 485 U.S. 681, 685 (1988), "Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." Here, the testimony of Ubiera and Poindexter was unquestionably "necessary" inasmuch as it was probative of an essential element of possession with intent to distribute: specific intent. See United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990) ("Conviction under 21 U.S.C. § 841(a)(1) for possession with intent to distribute a controlled substance requires proof of specific intent to distribute.").

3.

Furthermore, the testimony of Ubiera and Poindexter is sufficiently reliable to satisfy the third prong of Queen. Evidence is reliable for purposes of 404(b) if it is "sufficient to allow the jury to `reasonably conclude that the act[s] occurred and that the defendant was the actor.'" United States v. Powers, 59 F.3d 1460, 1467 (4th Cir. 1995) (quoting Huddleston, 485 U.S. at 689) (alterations in original). Since the challenged evidence was based on the first-hand, personal obser-

8

vations of eyewitnesses, the evidence presented by Ubiera and Poindexter satisfied the reliability requirement of Queen.

4.

Finally, Day contends that Ubiera's and Poindexter's testimony -- even if admissible under Rule 404(b) -- should have been excluded under Rule 403 because its probative value was substantially outweighed by the danger of unfair prejudice.

Admittedly, the challenged testimony was prejudicial to Day. However, the critical inquiry under Rule 403 is whether such testimony was unfairly prejudicial, and if so, whether the danger of such unfair prejudice substantially outweighed the testimony's probative value. See United States v. Lipford, 203 F.3d 259, 268-69 (4th Cir. 2000) (evidence that defendants agreed to shoot police officers in the event of a raid, while undoubtedly prejudicial, was not unfairly prejudicial); United States v. Grimmond, 137 F.3d 823, 833 (4th Cir. 1998) (holding that "damage to a defendant's case is not a basis for excluding probative evidence"). The prejudice necessary to exclude evidence under Rule 403 typically arises "only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." United States v. Masters, 622 F.2d 83, 87 (4th Cir. 1980) (citation omitted).

We find no disproportionate risk in this case. There is no indication that the prior act evidence "would invoke emotion in place of reason as a decisionmaking mechanism." Queen, 132 F.3d at 998. Therefore, given the highly probative nature of Ubiera's and Poindexter's testimony, we are unable to find that any prejudice resulting from this evidence substantially outweighed its probative value.

Our conclusion in this regard is bolstered by the efforts of the presiding judge to minimize the prejudicial impact of Ubiera's and Poindexter's statements. As we have pointed out, the court, prior to admitting the evidence, instructed the jury that it was not to consider the testimony for any purpose other than Day's intent. Indeed, the district court gave this limiting instruction on three separate occasions: prior to the testimony of Ubiera, prior to the testimony of Poindexter,

9

and at the close of all the evidence. Jurors are presumed to follow such cautionary instructions, see United States v. Love, 134 F.3d 595, 603 (4th Cir. 1998), and we conclude that the district court's limiting instructions alleviate any prejudicial impact of the challenged testimony. See Powers, 59 F.3d at 1468 (noting that cautionary instructions "generally obviate any such prejudice").

"[T]he appraisal of the probative and prejudicial value of evidence under Rule 403 is entrusted to the sound discretion of the trial judge; absent extraordinary circumstances, the Courts of Appeal will not intervene in its resolution." United States v. MacDonald, 688 F.2d 224, 227-28 (4th Cir. 1982). Such "extraordinary circumstances" are not present here; thus, we conclude that the district court acted within its discretion in admitting Ubiera's and Poindexter's testimony of Day's prior transactions.

D.

The facts before us present a compelling case for the admission of prior act evidence under Rule 404(b). Day was charged with possession with intent to distribute cocaine, and his intent was an issue at trial. As a result, evidence of recent prior acts involving similar drug transactions was properly admissible to establish the requisite intent. As we recognized in United States v. Sanchez, 118 F.3d 192, 196 (4th Cir. 1997), "A not-guilty plea puts one's intent at issue and thereby makes relevant evidence of similar prior crimes when that evidence proves criminal intent." Indeed, when a criminal defendant's intent is at issue,

> we have regularly permitted the admission of prior acts to prove that element. A criminal defendant, for example, cannot deny knowledge of drug trafficking or an intent to traffic in drugs and at the same time preclude the admission of the government's evidence of prior occasions when he willingly trafficked in drugs. We have held repeatedly that when intent to commit an act is an element of a crime, prior activity showing a willingness to commit that act may be probative.

Sparks v. Gilley Trucking Co., 992 F.2d 50, 52 (4th Cir. 1993) (citations omitted). Given our inclusive interpretation of Rule 404(b), we

10

conclude that the admission of Ubiera's and Poindexter's testimony was not an arbitrary or irrational exercise of discretion, and we therefore affirm the district court's decision to admit the challenged evidence. See Haney, 914 F.2d at 607.

III.

Day raises several additional arguments, none of which merit extensive discussion. First, Day contends that the district court erred in denying his motion to suppress the cocaine evidence based on an unlawful search and seizure. We reject his contention. See United States v. Leshuk, 65 F.3d 1105, 1111 (4th Cir. 1995) ("[A] person who voluntarily abandons property loses any reasonable expectation of privacy in the property and is consequently precluded from seeking to suppress evidence seized from the property.").

Second, Day maintains that the evidence was insufficient to support his conviction for possession with intent to distribute. We reject this argument. Taken in the light most favorable to the Government, the evidence adduced at Day's trial was more than sufficient to support his conviction. See Glasser v. United States, 315 U.S. 60, 80 (1942).

Next, Day asserts that the district court erred in denying his motion for a mistrial following closing argument. During closing argument, the prosecutor referred to defense counsel's characterization of Detectives Brabham and Chandler as "total slander." J.A. 355. We do not find this line of argument to be, under the circumstances, improper. However, even if improper, it did not so prejudicially impact Day's substantial rights so as to deprive him of a fair trial. See United States v. Francisco, 35 F.3d 116, 120 (4th Cir. 1994). Accordingly, the district court did not abuse its discretion in denying Day's motion for a mistrial.

Finally, Day argues that the district court erred in admitting a letter written to the United States Attorney in which Government witness Bracy indicated that he had evidence against Day and that he (Bracy) was willing to take a polygraph examination. We review evidentiary rulings for an abuse of discretion, see Benedi v. McNeil P.P.C., Inc., 66 F.3d 1378, 1383 (4th Cir. 1995), and we conclude that the district

11

court did not abuse its discretion in admitting Bracy's letter. Moreover, Bracy's testimony was not critical to the Government's case, and beyond the introduction of the letter itself, there was no reference during trial to the offer to take a polygraph examination. Therefore, any error in the district court's admission of this evidence was harmless beyond a reasonable doubt. See United States v. Hererra, 832 F.2d 833, 835-36 (4th Cir. 1987).

IV.

Pursuant to the foregoing, we affirm Day's conviction and sentence.

AFFIRMED